**Shalev Amar (022332)**
**samar@pryorandamar.com**
**Luís F. Ramírez (022653)**
**lramirez@pryorandamar.com**
**Pryor, Ramirez & Amar, LLC**
**40 W. Baseline Rd., Suite 203**
**Tempe, AZ 85283**
**(480) 947-7755**
**(866) 663-3497 (facsimile)**
**Attorneys for Plaintiff**

### UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

| | |
|---|---|
| **George Snyder,** | ) Case No.: |
| | ) |
| Plaintiff, | ) **COMPLAINT --** |
| | ) **VIOLATION OF THE MAGNUSON** |
| Vs. | ) **MOSS WARRANTY ACT, BREACH** |
| | ) **OF IMPLIED WARRANTIES AND** |
| **Tiffin Motorhomes, Inc. and La Mesa** | ) **REVOCATION OF ACCEPTANCE** |
| **R.V. Center, Inc. (Yuma)** | ) |
| | ) |
| Defendants. | ) |
| | ) |

1. The District Court has jurisdiction to hear this matter under 28 U.S.C. §1331 as there is a federal question pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq*. Jurisdiction is also conferred through 15 U.S.C. §2310(d) as the amount in controversy exceeds $50,000.00; and through diversity of citizenship.

2. Plaintiff, George Snyder ("Plaintiff"), is a consumer who resides in the State of Arizona.

3. Codefendant, Tiffin Motorhomes, Inc. ("Tiffin") is a foreign corporation authorized to do business in the State of Arizona. Tiffin is engaged in the manufacture,

Complaint - 1

assembly, integration, sale, supply and distribution of fully integrated motor homes and attendant warranties. Tiffin supplies its products and services to the Arizona consuming public through its authorized dealerships and repair agents, including Codefendant La Mesa R.V. Center, Inc. (Yuma) ("La Mesa"), which is a domestic corporation.

4. Tiffin unilaterally selected and then installed, integrated and modified all components used to construct the subject Motor Home.

5. On November 28, 2013, Plaintiff purchased from La Mesa RV a new 2014 Tiffin Allegro Phaeton ("Phaeton") manufactured, warranted and supplied by Tiffin and La Mesa, Vehicle Identification No. 4UZACHCY6ECFS3541, for a total financed price of $320,952.80.

6. In connection with Plaintiff's purchase of the Phaeton, Tiffin issued and supplied to Plaintiff its written warranty, which includes twelve (12) months unlimited mileage coverage, 36 month/36,000 mile structural coverage and ten (10) year roof coverage. Tiffin and La Mesa intended Plaintiff to view the fact the Phaeton was "warranted" as an assurance of the Phaeton's quality, thereby inducing Plaintiff's purchase.

7. In addition, under Tiffin's repair or replacement warranties, Tiffin was required by common law and statute to perform adequate and competent repairs or replacements within a reasonable opportunity and time, as competent repairs within a reasonable opportunity/amount of time is the essential purpose of warranties restricted to repair or replacement of defective parts.

8. Shortly after Plaintiff took possession of the Phaeton he experienced numerous defects and conditions necessitating at least one hundred and thirty (130) days of repeated unsuccessful nonconformity repairs by Tiffin and La Mesa RV's repair agents.

9. The dilatory repairs were for: passenger's side slide out (4 repair attempts), steering wheel (4 repair attempts), soap dispenser (3 repair attempts), roof (3 repair attempts), driver's side slide out (2 repair attempts), leveling system (2 repair attempts), stove top (2 repair attempts), passenger side battery door (2 repair attempts), entry door (2 repair attempts), paneling (2 repair attempts), cabinet doors (2 repair attempts), bedroom heated floors (2 repair attempts), passenger side windows (2 repair attempts), bathroom drain line (2 repair attempts), water heater (2 repair attempts), driver's seat (2 repair attempts), engine (2 repair attempts), cruise control, dying in transit (2 repair attempts), slide floors, wet bay floors, cap rails, dashboard, kick plate, TV valance, antenna, driver's side window shades, mismatched wood work, slide garment, shower handle, faucets, painting, dumping cable connector, driver's sliding window, fan vent, bathroom door, passenger seat, wind deflector, exit window handle, LP regulator, shower head folder, bedroom ceiling vent, hose, shower doors, carpet runners, bathroom sky lite cover, shower towel holder, dinette shade, couch, bedroom heated floor, A/C cover screws, passenger side compartment door, living room floor, air hose, driver's side window, passenger main topper fabric, coffee table, surround system, screen door, living room night shade, toilet, water line, driver's side forward slide out seals, pantry, kitchen pull out shelf, kitchen garbage full slide face, LP system, driver side bedroom seals,

passenger side forward slide room seals, passenger side bedroom topper, bedroom pocket door, forward pocket door, driver side last cargo door, wiring harness, counter top, dinette table, pull out pantry slide, bedroom cabinet doors, night stand, fresh water system, main patio awning, floor, and waste compartment door.

10. The Phaeton's numerous defects and its repeated inadequate repairs constitute substantial impairment in the use and value of the subject Motor Home to Plaintiff.

11. The Phaeton remains in a non-conforming defective condition, including but not limited to the following defects and conditions: swirl marks over most of the exterior surface (buffed by factory repair center), a chemical taste and odor still come from all faucets and shower, driver's seat misalignment, steering wheel misalignment, and black marks on the tile floor from slide out rollers.

12. Plaintiff was further damaged by canceling several planned trips because of the defective condition of the Phaeton and by being without benefit of the use of a Motor Home Plaintiff paid for.

13. Plaintiff provided Tiffin and La Mesa RV, through their authorized repair agents, notice and a sufficient opportunity to repair the defects, non-conformities and conditions within the Phaeton.

14. Despite being given more than a reasonable number of attempts/reasonable opportunity to cure said defects, non-conformities and conditions, Tiffin and La Mesa failed to do so.  As such, the Phaeton's warranty has failed its essential purpose.

15. Tiffin and La Mesa's failure to correct said defects violates Tiffin and La Mesa's statutory and common law duties to Plaintiff and the expectations created by Tiffin and La Mesa's promotional documents and warranties.

16. As a result of the ineffective repair attempts made by Tiffin and La Mesa RV through their repair agents, the Phaeton cannot be utilized as intended by Plaintiff at the time of acquisition.

17. Plaintiff (by and through undersigned) provided Tiffin and La Mesa RV additional written notification of the defects within the subject Motor Home and Plaintiff's lawful demand for compensation on December 23, 2014.

18. Plaintiff and Tiffin could not reach an accord.

19. La Mesa RV refused Plaintiff's request.

20. Plaintiff has been and will continue to be financially damaged due to Tiffin and La Mesa's failure to conform the Phaeton to its warranty as Plaintiff did not receive the basis of his bargain for a new Phaeton, but instead was saddled with an Phaeton riddled with defects akin to an improperly maintained high mileage used Motor Home of a much lesser value.

21. Plaintiff has met all legal and enforceable obligations and preconditions provided in Tiffin and La Mesa's warranty and applicable law.

22. As a direct and proximate result of Tiffin's failure to comply with its written warranty, statutory obligations, and common law duties, Plaintiff suffered damages and, in accordance with 15 U.S.C. §2310(d), Plaintiff is entitled to bring suit for such damages and other legal and equitable relief.

23.   Plaintiff demands a trial by jury.

### COUNT I—BREACH OF WRITTEN WARRANTY
### PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT:
### CODEFENDANT TIFFIN

24.   Plaintiff re-alleges and incorporates by reference paragraphs 1-24 in this Complaint regarding Tiffin's written warranty breach.

26.   Tiffin failed to comply with its duties and obligations under its written warranty. Additionally, the warranty failed of its essential purpose.

27.   Tiffin did not repair the defects and conditions herein within a reasonable number of attempts or time.

WHEREFORE, Plaintiff request that the Court:

a.   Enter judgment against Tiffin for all actual, incidental and consequential damages to which Plaintiff is entitled;

b.   Grant Plaintiff all reasonable attorneys' fees, litigation costs and expenses pursuant to 15 U.S.C. §2310 (d)(2); and,

c.   Grant all other relief deemed just and appropriate.

### COUNT II
### COMMON LAW BREACH OF WARRANTY
### CODEFENDANT TIFFIN

28.   Plaintiffs re-allege and incorporate by reference paragraphs 1-27 in this Complaint.

29.   Tiffin failed to comply with its duties and obligations under its written warranty. Additionally, the warranty failed of its essential purpose.

30. Tiffin did not repair the defects and conditions herein within a reasonable number of attempts or time.

WHEREFORE, Plaintiff prays for the following relief against Tiffin for its written warranty breach:

    a. An award of diminution in value damages;

    b. All incidental and consequential damages;

    c. All attorneys' fees, expert fees and court costs incurred during the commencement and prosecution of this matter pursuant to A.R.S. § 12-341 and A.R.S. § 12-341.01; and,

    d. All other relief deemed justified by this Court.

**COUNT III**
**BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY UNDER THE MAGNUSON-MOSS WARRANTY ACT (15 U.S.C. §2308): CODEFENDANT LA MESA RV**

31. Plaintiff re-alleges and incorporates by reference paragraphs 1-30 of this Complaint.

32. No supplier may disclaim or modify any implied warranty to a consumer with respect to such consumer product if at the time of sale, or within 90 days thereafter, such supplier enters into a service contract with the consumer which applies to such consumer product. *See* 15 U.S.C. §2308 (a).

33. La Mesa RV entered into a service contract with Plaintiff at the time of sale which applies to the Phaeton.

34. Any La Mesa RV attempts to disclaim the implied warranty of merchantability are invalid. *See* 15 U.S.C. §2308(c) ("A disclaimer, modification, or limitation made in violation of this section shall be ineffective for purposes of this chapter and State law").

35. Because of its defects and repair history the Phaeton is not fit for its ordinary purpose of Motor Homing.

36. La Mesa RV breached the implied warranty of merchantability to Plaintiff.

WHEREFORE, Plaintiff requests that the Court:

    a. Enter judgment against La Mesa RV for all actual, incidental and consequential damages to which Plaintiff is entitled;

    b. Grant Plaintiff all reasonable attorneys' fees, litigation costs and expenses pursuant to 15 U.S.C. §2310(d)(2); and,

    d. Grant all other relief deemed just and appropriate.

**COUNT IV**
**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE UNDER THE MAGNUSON-MOSS WARRANTY ACT (15 U.S.C. §2308): CODEFENDANT LA MESA RV**

37. Plaintiff re-alleges and incorporates by reference paragraphs 1-36 of this Complaint.

38. Plaintiff made La Mesa RV's sales agents aware that he was purchasing the Phaeton to vacation in, travel in extensively and take planned trips in and relied on said agents' skill and judgment to select the subject Phaeton as suitable for these purposes.

39. La Mesa RV's sales agents assured Plaintiff the Phaeton was fit for these express purposes.

40. Because of its defects and repair history the Phaeton was not fit for the particular purposes of vacationing in and traveling in and taking planned trips in.

41. La Mesa RV breached the implied warranty of fitness for a particular purpose to Plaintiff.

WHEREFORE, Plaintiff requests that the Court:

a. Enter judgment against La Mesa RV for all actual, incidental and consequential damages to which Plaintiff is entitled;

b. Grant Plaintiff all reasonable attorneys' fees, litigation costs and expenses pursuant to 15 U.S.C. §2310(d)(2); and,

c. Grant all other relief deemed just and appropriate.

## COUNT V
## REVOCATION OF ACCEPTANCE
## PURSUANT TO A.R.S. § 47-2608:
## CODEFENDANT LA MESA RV

42. Plaintiff re-alleges and incorporates by reference paragraphs 1-41 of this Complaint.

43. La Mesa RV's tender of the Phaeton was substantially impaired to Plaintiff due to its defects and non-conformities.

44. Plaintiff accepted the Phaeton without notice of said defects and with the reasonable assumption that any nonconformities within the Motor Home would be seasonably cured.

45. The nonconformities herein have not been seasonably cured.

46. Plaintiff's acceptance of the Phaeton was reasonably induced by the difficulty of discovering the Phaeton's nonconformities before acceptance and by Seller's assurances regarding the quality of the Phaeton.

47. Plaintiff's revocation of acceptance occurred within a reasonable time after discovering the grounds for revocation and before any substantial change in condition of the Motor Home which was not caused by its own defects.

48. Plaintiff has notified the La Mesa RV of the revocation.

WHEREFORE, pursuant to A.R.S. §47-2608, Plaintiff prays that the Court:

    a. Order La Mesa RV accept Plaintiff's revocation of acceptance and return all monies paid towards the subject Motor Home in exchange for return of the Motor Home;

    b. Order La Mesa RV to pay all incidental and consequential damages to which Plaintiff is entitled;

    c. Grant Plaintiff all reasonable attorneys' fees, litigation costs and expenses pursuant to A.R.S. §12-341 and A.R.S. §12-341.01; and,

    d. Grant all other relief deemed just and appropriate.

**RESPECTFULLY SUBMITTED** this 18th day of May, 2015.

By: /s/ Shalev Amar
    Shalev Amar
    Luis Ramirez
    Pryor, Ramírez & Amar, LLC

40 W. Baseline Road, Suite 203
Tempe, AZ 85283
(480) 947-7755
(866) 663-3497 (facsimile)
Attorneys for Plaintiff